UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: _____

BREA COFFEY,

    Plaintiff,

v.

TOWN OF DAVIE, A MUNICIPAL
CORPORATION AND POLITICAL
SUBDIVISION OF THE STATE OF
FLORIDA

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, BREA COFFEY, by and through her undersigned counsel, sues the Defendant, TOWN OF DAVIE, and alleges as follows:

**JURISDICTION AND VENUE**

1.    This is an action for damages and to remedy violations of the rights of MS. COFFEY under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Florida Civil Rights Act of 1992, as amended ("Chapter 760"), to redress injuries done to her by the Defendant, TOWN OF DAVIE ("Defendant").

2.    The unlawful acts which gave rise to this Complaint occurred within Broward County, Florida during the Plaintiff's employment with Defendant, making venue proper in this District pursuant to 28 U.S.C. § 1391.

**PARTIES**

3. At all times material hereto, Plaintiff has been a citizen and resident of Broward County Florida and is otherwise *sui juris*.

4. Plaintiff is a Black female, and, as such, Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Florida Civil Rights Act of 1992, as amended ("FCRA"), because the terms, conditions, and privileges of her employment were altered because of her race and gender.

5. Defendant is a government agency. At all times material hereto, Defendant was Plaintiff's employer as defined by law.

6. Defendant has, at all times material hereto, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. § 760.02(7)).

7. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination against the Defendant with the Equal Employment Opportunity Commission.

8. Plaintiff's charge was filed within 300 days after the first instance of discrimination occurred.

9. Plaintiff was issued a Notice of Right to Sue on December 4, 2020. This suit is filed in accordance with that Notice and within the applicable ninety (90) day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

10. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

11. Plaintiff worked for Defendant as a police officer. The Plaintiff began her training on October 1, 2012 and she was sworn in on May 2, 2013. Due to ongoing harassment and discrimination based on the Plaintiff's race and gender, on December 2, 2019, she resigned.

12. As a police officer, Plaintiff's primary duties and responsibilities included road patrol which involved responding to calls for service.

13. Plaintiff was qualified for her position as a police officer in that she had experience as a police officer and/or she had all necessary training to perform her job duties and responsibilities.

14. While the Plaintiff was in training, she became the target of race and gender discrimination.

15. In early 2013, Sergeant ("Sgt") Robert Choquette, a white male told the Plaintiff that, when she first joined the Defendant, the plan was to try and make her quit. When the Plaintiff asked why, he told her that other employees believed that the only reason Defendant hired the Plaintiff was because she was a Black female. Sgt. Choquette told her that he didn't follow through with this plan because he had since learned that she was well spoken and carried herself well. It was as if Sgt. Choquette was surprised that a black woman could be well spoken and carry herself well.

16. The Plaintiff told Wayne Boulier, one of the instructors from the police academy, about her conversation with Sgt. Choquette. He was furious and apologized on behalf of the Defendant while assuring her that both the underlying sentiment as well as the comments by Sgt. Choquette were unacceptable. Defendant did not take any further action.

17. In July 2013, the Plaintiff was at dinner with Patricia Ravine, a white female officer, and others when the not guilty verdict from the Trevyon Martin murder trial was announced. In

response, Ms. Ravine clapped in agreement. No one else clapped. The Plaintiff was angry, ashamed, and felt discriminated against.

18. In the beginning of 2014, the Plaintiff responded to a call where officers arrested a Black male who claimed the officers only arrested him because he was Black.. After the arrest, Lieutenant ("Lt.") Ron Bradley, a white male, spoke to the six or seven other officers and, while making direct eye contact with the Plaintiff, said, "I am tired of hearing the black excuse."

19. In late 2016, the Plaintiff wanted to be more productive, so she switched to a busier shift. After the Plaintiff's shift change, she received several awards and was even voted officer of the month. This did not stop the Defendant from discriminating against her.

20. In 2018, the Plaintiff was the second female in the history of the department to try out for the Special Response Team ("SRT"), but Defendant did not give her the position despite the fact that she was qualified.

21. In June 2018, the Plaintiff applied to be a Field Training Officer ("FTO"). Again, Defendant did not give her the position despite the fact that she was qualified.

22. Later in 2018, the unit suddenly had four open positions. Eight people, including Plaintiff, applied for the four position. Defendant selected three white males and one white female to file the positions.

23. Shortly thereafter, the unit had two more open positions. Defendant offered those positions to two of the other applicants, one of whom declined. Defendant never offered the Plaintiff the open position despite the fact that she exceeded the necessary qualifications.

24. Plaintiff continued to pursue opportunities with Defendant in the hopes of overcoming the discriminatory environment. Plaintiff applied for a position as a School Resources Officer ("SRO").

25. To prepare for her interview, Plaintiff researched the statistics relating to sexual assaults on college campuses and prepared a detailed a plan to respond to the issue.

26. Sgt. Patricia Ravine interviewed the Plaintiff.

27. Five people, including Plaintiff, applied for two available positions. Defendant selected one white female – the same white woman who had just taken the FTO position – and a Hispanic male.

28. Of the five applicants, the Plaintiff was the most senior and had the most accolades The Hispanic male had been denied a similar campus position just two weeks prior because he did not take any initiative while with the department, had not requested to participate in any continuing education classes, or taken any other steps to advance his career. Plaintiff had done all of these things.

29. On February 29, 2019, Sgt. Chad Bishop directed Plaintiff to turn in her gun. He brought her to an interrogation room and Mr. Zev Spiller read her Miranda rights. Defendant questioned Plaintiff about an empty baggie that had been found in a vehicle when officers responded to a call about a drug overdose. The call had been from months prior, but Captain Chastain had gone back through Plaintiff's old reports in order to target her. Based on the Defendant's practiced behavior, the Plaintiff threw the bag in the garbage because there had been several instances of police officers and fire fighters being exposed to heroin/fentanyl and ending up in the hospital. Because the Plaintiff threw out the empty bag, Defendant accused Plaintiff of mishandling evidence. The Defendant claimed she should have put it in "property." This came as a surprise to the Plaintiff because the BSO lab did not accept bags for testing. The Defendant placed Plaintiff on administrative leave and, upon return from administrative leave, placed her on administrative duty – at a desk without a weapon – for one month. An audit of overdose calls

would reveal that there are virtually no written reports relating to those calls, let alone retained physical evidence of empty baggies.

30. In October 2019, ten people, including Plaintiff, tried out for four available spots on the SWAT team. Defendant had never had a female on the SWAT team and only one woman had ever tried out before Plaintiff. During tryouts, Plaintiff excelled, with her scores being the highest of all the applicants.

31. In mid-November, Sgt. Eddie Woag told Plaintiff that all of the "top candidates" did so well that the only thing they had to go by was the personnel files to distinguish between the candidates. Relying on the "empty baggie" incident in Plaintiff's personnel file, Defendant did not offer the SWAT position to Plaintiff.

32. Due to ongoing harassment and discrimination based on the Plaintiff's race and gender, on December 2, 2019, Plaintiff resigned.

33. Plaintiff has engaged the undersigned attorney to prosecute her claims and is entitled to recover her attorney's fees from Defendant pursuant to statute.

### COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Discrimination on the Basis of Gender)**

34. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 33, inclusive, as though same were fully re-written here.

35. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Defendant discriminated against Plaintiff on the basis of her gender, female.

36. Sgt. Robert Choquette, Officer Patricia Ravine, Lt. Ron Bradley, Sgt. Chad Bishop, Mr. Zev Spiller, Major Chaistain, and Sgt. Eddie Woag, at all times relevant, were acting within the course and scope of their employment for Defendant.

37. Because Plaintiff is a female, Defendant discriminated against her and refused to take any action to prevent the discrimination.

38. Upon information and belief, similarly situated male employees are not treated in the same manner as Defendant treated Plaintiff.

39. Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII which resulted in Defendant discriminating against Plaintiff.

40. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII.

41. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees.

WHEREFORE, Plaintiff hereby requests that this Honorable Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including back pay, front pay, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with Title VII of The Civil Rights Act of 1964, §706(g); attorney's fees, costs, together with interest thereon, and such other relief as the Court deems just and appropriate.

**COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992**
**(Discrimination on the Basis of Gender)**

42. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 33, inclusive, as though same were fully re-written here.

43. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

44. Plaintiff is a female, and therefore a member of a protected class.

45. Sgt. Robert Choquette, Officer Patricia Ravine, Lt. Ron Bradley, Sgt. Chad Bishop, Mr. Zev Spiller, Major Chaistain, and Sgt. Eddie Woag, were acting within the course and scope of their employment for Defendant.

46. Because Plaintiff is a female, Defendant discriminated against her and refused to take any action to prevent the discrimination.

47. Upon information and belief, similarly situated male employees are not treated in the same manner as Defendant treated Plaintiff.

48. At all relevant and material times, Defendant failed to comply with the FCRA.

49. The discrimination of Plaintiff by Defendant was caused by Defendant being aware that Plaintiff is a female.

50. At all times relevant, including at the time of the unlawful and discriminatory treatment, Defendant was aware that Plaintiff was a female.

51. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by the Defendant.

52. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

53. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of her being a female in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees.

54. Defendant's treatment of Plaintiff was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because she is a female, in violation of the FCRA.

55. Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff being a female. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to her gender.

56. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered economic losses, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against the Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress, prejudgment interest, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT III: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Discrimination on the Basis of Race)**

57. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 33, inclusive, as though same were fully re-written here

58. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was discriminated against on the basis of her race, Black.

59. Sgt. Robert Choquette, Officer Patricia Ravine, Lt. Ron Bradley, Sgt. Chad Bishop, Mr. Zev Spiller, Major Chaistain, and Sgt. Eddie Woag, were acting within the course and scope of their employment for Defendant.

60. Because Plaintiff is Black, Defendant discriminated against her and refused to take any action to prevent the discrimination.

61. Upon information and belief, non-Black employees are not treated in the same manner as Defendant treated Plaintiff.

62. Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, which resulted in Defendant discriminating against Plaintiff.

63. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII.

64. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees.

WHEREFORE, Plaintiff hereby requests that this Honorable Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including back pay, front pay, liquidated damages, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with Title VII

of The Civil Rights Act of 1964, §706(g); attorney's fees, costs, and such other relief as the Court deems just and appropriate.

### COUNT IV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Discrimination on the Basis of Race)**

65. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 33, inclusive, as though same were fully re-written here.

66. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

67. Plaintiff is Black and therefore a member of a protected class.

68. Sgt. Robert Choquette, Officer Patricia Ravine, Lt. Ron Bradley, Sgt. Chad Bishop, Mr. Zev Spiller, Major Chaistain, and Sgt. Eddie Woag, were acting within the course and scope of their employment for Defendant.

69. Because Plaintiff is Black, Defendant discriminated against her and refused to take any action to prevent the discrimination.

70. Upon information and belief, non-Black employees are not treated in the same manner as Defendant treated Plaintiff.

71. At all relevant and material times, Defendant failed to comply with the FCRA.

72. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's race.

73. At all times relevant, including the time of the unlawful and discriminatory treatment, Defendant was aware that Plaintiff was Black.

74. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

75. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

76. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of her race in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees.

77. Plaintiff's discrimination was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because she is Black in violation of the FCRA.

78. Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff's race.

79. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to her race.

80. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered economic losses, punitive damages, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress, prejudgment and post-judgment interest on her damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 4th day of March, 2021.

By: /s/ *Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff